<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| AARON THOMAS, | : | |
| | : | Civil Action No. 14-4794 (ES) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| GREGORY R. NEUHAUSER, et al., | : | |
| | : | |
| Respondents. | : | |

**SALAS**, District Judge:

Petitioner Aaron Thomas ("Petitioner") filed a Petition for a Writ of Habeas Corpus challenging his pre-trial detention at the Passaic County Jail in Paterson, New Jersey. For the reasons expressed below, this Court will construe the matter as a habeas petition pursuant to 28 U.S.C. § 2241, dismiss the petition without prejudice to the filing of a petition pursuant to 28 U.S.C. § 2254 after Petitioner exhausts remedies available in the courts of the State of New Jersey, and deny a certificate of appealability. *See* 28 U.S.C. § 2254, Rule 4.

**I. BACKGROUND**

Petitioner is challenging his pre-trial detention at Passaic County Jail arising from state criminal charges and investigation. Petitioner alleges that he is in custody in violation of the constitution and state law; that Little Falls Municipal Court and Passaic County Superior Court are trying a case "in absence of jurisdiction;" and that he was "kidnapped" by New Jersey prosecutor detectives. (D.E. No. 1, Pet. 3-7; Attach. 3). Petitioner further alleges that he was abducted from a Target Department Store in Pennsylvania by New Jersey police officers and prosecutor detectives

and subjected to interrogation without a warrant or probable cause. (*Id.* at Attach. 5). He is requesting "immediate relief for [his] illegal detention at Passaic County Jail, Paterson, NJ permanent removel [sic] of [his] illegally seized ID from all criminal records. Not to be retried, all other relief that is just and proper." (*Id.* at 7).

## II.   DISCUSSION

### A.   Legal Standard

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A petition is required to specify all the grounds for relief available to the petitioner, state the facts supporting each ground, state the relief requested, and be signed under penalty of perjury. *See* 28 U.S.C. § 2254 Rule 2(c), applicable to § 2241 petitions through Rule 1(b). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856; *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985). Habeas Rule 4 accordingly requires the Court to examine a petition prior to ordering an answer and, if it appears "that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

### B.   Analysis

A district court has subject matter jurisdiction under 28 U.S.C. § 2241(c)(3) to entertain a pre-trial petition for habeas corpus brought by a person who is in custody pursuant to an untried state indictment. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Mokone v. Fenton*, 710 F.2d 998, 999 (3d Cir. 1983); *Moore v. DeYoung*, 515 F.2d 437, 442, 443 (3d Cir. 1975). This Court has jurisdiction over the

Petition under 28 U.S.C. § 2241 and construes the Petition as such.   While this Court has jurisdiction under 28 U.S.C. § 2241 to entertain this pre-trial habeas corpus Petition, it is clear that such relief should not be granted.   Petitioner asks this Court to grant pre-trial habeas relief based on grounds related to his arrest and state pre-trial proceedings thus far.   The problem with the Petition is that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."   *Braden*, 410 U.S. at 489 (quoting *Ex parte Royall*, 117 U.S. 241, 253 (1886)).   As the Supreme Court explained over 100 years ago,

> We are of the opinion that while the . . . court has the power to do so, and may discharge the accused in advance of his trial if he is restrained of his liberty in violation of the national constitution, it is not bound in every case to exercise such a power immediately upon application being made for the writ. We cannot suppose that congress intended to compel those courts, by such means, to draw to themselves, in the first instance, the control of all criminal prosecutions commenced in state courts exercising authority within the territorial limits, where the accused claims that he is held in custody in violation of the constitution of the United States. The injunction to hear the case summarily, and thereupon 'to dispose of the party as law and justice require,' does not deprive the court of discretion as to the time and mode in which it will exert the powers conferred upon it. That discretion should be exercised in the light of the relations existing, under our system of government, between the judicial tribunals of the Union and of the states, and in recognition of the fact that the public good requires that those relations not be disturbed by unnecessary conflict between courts equally bound to guard and protect rights secured by the constitution.

*Ex parte Royall*, 117 U.S. at 251.

The proper procedure for Petitioner is to exhaust his constitutional claims before all three levels of the New Jersey courts and, if he is unsuccessful, to thereafter present them to this Court in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.   *See Moore*, 515 F.2d at 449. Upon careful review, this Court finds that the petition does not present any extraordinary or exceptional circumstances and is an attempt "to litigate constitutional defenses prematurely in

3

federal court." *Id.* at 445.   Petitioner is not entitled to a pretrial Writ of Habeas Corpus, and this Court will dismiss the Petition without prejudice to the filing of a petition pursuant to 28 U.S.C. § 2254 after he exhausts remedies available in the courts of the State of New Jersey.   *See Duran v. Thomas*, 393 F. App'x 3 (3d Cir. 2010) (affirming dismissal of § 2241 petition alleging that petitioner was subjected to warrantless arrest, was detained without probable cause hearing, and that state court had imposed excessive bail).

## III.  CERTIFICATE OF APPEALABILITY

This Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).   *See Miller-El v. Cockrell*, 537 U.S. 322 (2003).

## IV. CONCLUSION

Based on the foregoing, this Court will dismiss the Petition without prejudice and deny a certificate of appealability.

DATED: September 17, 2014

Esther Salas, U.S.D.J.

4