<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AARON THOMAS, : | |
| : | Civil Action No. 14-4794 (ES) |
| Petitioner, : | |
| : | |
| v. : | MEMORANDUM OPINION |
| : | |
| GREGORY R. NEUHAUSER, et al., : | |
| : | |
| Respondents. : | |

It appearing that:

1. On September 17, 2014, the Court dismissed Petitioner Aaron Thomas's ("Petitioner") habeas Petition filed pursuant to 28 U.S.C. § 2241, finding that as a state pre-trial detainee, he had not presented any extraordinary or exceptional circumstances and the Petition was an attempt to litigate constitutional defenses prematurely in federal court. (D.E. No. 6 at 3-4). Consequently, the Court dismissed the Petition without prejudice and instructed Petitioner to exhaust remedies available in the courts of the State of New Jersey. (*Id*. at 4). The Court denied a certificate of appealability. (*Id*.).

2. Thereafter, on July 20, 2015, Petitioner filed a "Motion for Reconsideration for 28 U.S.C. 2241 petition and certificate of appealability pursuant to: Civ Rule 7.1(i) pursuant to: Rule 60 (b) 2, 3 pursuant to: 28 U.S.C. 2242 Amend and Supplement Motion to Grant Extention [sic] of time to file pursuant to the interest of justice."[1] (D.E. No. 8).

---

[1] After he filed the instant Motion, Petitioner thereafter filed a notice of appeal with the Court of Appeals for the Third Circuit. (D.E. No. 13). Ordinarily, the Court is barred from considering motions that address the merits of the case once the case has been appealed. *Kull v. Kutztown Univ. of Pa*., 543 F. App'x 244, 247 (3d Cir. 2013); *Thomas v. Northeastern Univ*., 470 F. App'x 70, 71 (3d Cir. 2012) (citing *Griggs v. Provident Consumer Disc. Co*., 459 U.S. 56, 58 (1982)); *Venen v.*

3. Pursuant to Local Civil Rule 7.1(i), "a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Id.*

A motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached. *P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, *S.C. ex rel. C.C. v. Deptford Twp. Bd. of Educ.*, 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

4. Here, Petitioner's Motion for Reconsideration pursuant to L. Civ. R. 7.1(i) is substantially untimely. The Court entered its Opinion and Order on September 17, 2014 and Petitioner did not

---

*Sweet*, 758 F.2d 117, 120 (3d Cir. 1985)). However, the Court can consider and deny a Rule 60(b) motion even while a case is on appeal. Fed. R. Civ. P. 62.1(a)(2) ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . (2) deny the motion[.]"); *Kull*, 543 F. App'x at 248 ("[U]nder Rule 62.1(a)(2), the District Court had discretion to deny the [Rule 60(b)] motion."). Because the Court is denying the Motion, *see infra*, the Court can consider the Motion even though this case is on appeal. *See Ginsburg v. Birenbaum*, 2008 WL 2073975, at *1-2 (W.D. Pa. May 14, 2008) ("[T]he filing of a notice of appeal does not divest a district court of jurisdiction to [deny] a Rule 60(b) motion") (quoting *United States v. Contents of Accounts Numbers 3034504504 and 144-07143 at Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 971 F.2d 974, 988 (3d Cir. 1992)).

2

file his Motion until July 20, 2015—almost ten months after the deadline to do so had passed.[2] Moreover, even if it was not untimely, Petitioner has provided no valid basis for this Court to reconsider its previous ruling. The "new evidence" Petitioner provides is simply the evidence from his ongoing state criminal proceedings. (*See* D.E. No. 10 at 1). As this Court previously concluded, he has not presented any extraordinary or exceptional circumstances, and Petitioner is simply attempting to litigate constitutional defenses prematurely in federal court. As such, Petitioner's Motion for Reconsideration pursuant to L. CIV. R. 7.1(i) is denied.

     5. Petitioner also seeks relief pursuant to Rule 60(b). A motion pursuant to that rule "must be made within a reasonable time . . . no more than a year after the entry of the judgment." FED. R. CIV. P. 60(c). Under subsections (2) and (3), relied upon by Petitioner, a party may seek relief from a final order based on: "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," or "fraud . . . misrepresentation, or misconduct by an opposing party."

     Pursuant to Rule 60(b)(2), a district court has discretion to reopen a judgment only if the newly discovered evidence is material and would "probably have changed the outcome" of the proceedings. *Sanders v. Downs*, 622 F. App'x 127, 130 (3d Cir. 2015) (citing *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991)). To prevail on a Rule 60(b)(3) motion, the moving party must establish that the adverse party engaged in fraud or other misconduct, and that this misconduct prevented the moving party from fully and fairly presenting his case. *Johnson v. Rardin*, 627 F. App'x 140 (3d Cir. Sept. 23, 2015) (citing *Stridiron v. Stridiron*, 698 F.2d 204, 206–07 (3d Cir.1983)).

---

[2] To the extent the Court were to consider this motion as one pursuant to Rule 59(e), such a motion would also be substantially out of time. *See* FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

3

6. As discussed above, the "newly discovered evidence" does not alter the Court's previous ruling, and Petitioner has alleged no facts or circumstances which would otherwise warrant this Court's intervention in his still-ongoing state criminal proceedings. Moreover, with regard to Rule 60(b)(3), the Court did not order Respondent to file an Answer or otherwise enter an appearance in this matter, so it is unclear as to how the adverse party in this case could have engaged in fraud or other misconduct that somehow prevented Petitioner from fully and fairly presenting his case. Nevertheless, even if Petitioner had somehow been prevented from fully and fairly presenting his case, he has now been able to do so and the Court does not find any reason to amend its previous ruling.

7. Petitioner also asks the Court to appoint him counsel pursuant to 28 U.S.C. § 1915(d). (D.E. No. 9). In assessing whether appointment of counsel is appropriate, the Court must first ask whether there exists "some merit in fact and law" to Petitioner's claim. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (internal quotations omitted). If the Court determines that Petitioner's claim has some merit in fact and law, then there are additional factors to consider. *Id.* Here, as explained above, Petitioner's claim has no merit in either fact or law, and thus his motion for appointment of counsel fails.

8. For the foregoing reasons, Petitioner's motions, (D.E. Nos. 8 & 9), are denied. An appropriate order follows.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**